**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAILA TRINNITY WYCHE,

       Plaintiff,

v.                                    Case No. 3:26-cv-515-MMH-LLL

EXPERIAN INFORMATION
SOLUTIONS, INC.,

       Defendant.

                                         /

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On March 11, 2026, Jaila Trinnity Wyche, proceeding <u>pro</u> <u>se</u>, initiated this action by filing a Complaint for Violations of the Fair Credit Reporting Act (FCRA) and Demand for Jury Trial (Doc. 1; Complaint) against Experian Information Solutions, Inc. Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."

While <u>pro</u> <u>se</u> complaints are held to a less stringent standard than those drafted by an attorney, <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986), the <u>pro</u> <u>se</u> litigant is still required to "conform to procedural rules[,]" <u>Riley v. Fairbanks Cap. Corp.</u>, 222 F. App'x 897, 898 (11th Cir. 2007) (quoting <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002)). The Federal Rules of Civil

Procedure (Rule(s)) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoting Sams v. United Food & Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989)). Despite the liberal pleading requirements of Rule 8, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together

> to require the pleader to present h[er] claims discretely and succinctly, so that h[er] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting T.D.S., Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1543 (11th Cir. 1985) (Tjoflat, J., dissenting)).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four

broad categories of impermissible shotgun pleadings).[1] The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in "a thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d

---

[1] In Weiland, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." See Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321). As the Barmapov court explained,

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Id. at 1324–25 (citations omitted) (quoting Weiland, 792 F.3d at 1321–23).

-3-

at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant in this action is the first type of shotgun pleading, which includes pleadings that contain "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id.

Here, Counts II–III of the Complaint incorporate each and every allegation in the preceding counts. See Complaint ¶¶ 59, 67 ("Plaintiff realleges

and incorporates all preceding paragraphs."). This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at 1324–25 (describing the four general categories of shotgun pleadings) (citing Weiland, 792 F.3d at 1321–23); see also Sarhan v. Mia. Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

In light of the foregoing, the Court will strike the Complaint and give Wyche an opportunity to file a corrected complaint which remedies the shotgun nature of the Complaint. Wyche is cautioned that failure to file a corrected complaint that complies with the Rules and this Order will likely result in the dismissal of this action.

Prior to filing her corrected complaint, the Court encourages Wyche to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Wyche may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

---

[2] In preparing her corrected complaint and any future filings, the Court recommends that Wyche visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are

As such, it is

**ORDERED**:

1.     Jaila Trinnity Wyche's Complaint for Violations of the Fair Credit Reporting Act (FCRA) and Demand for Jury Trial (Doc. 1) is **STRICKEN**.

2.     Wyche shall file a corrected complaint[3] consistent with the directives of this Order on or before **March 30, 2026**. Failure to do so may result in a dismissal of this action.

3.     Experian Information Solutions, Inc. shall respond to the corrected complaint in accordance with the requirements of Rule 15.

**DONE AND ORDERED** in Jacksonville, Florida, on March 16, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
Copies to:
Counsel of Record

---

many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Wyche does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

[3] The filing of the corrected complaint does not affect any right Wyche may have to amend as a matter of course pursuant to Rule 15(a)(1).